IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLLIE ARNOLD | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS | § | |
|     Defendant. | § | |

---

## INDEX OF DOCUMENTS FILED WITH REMOVAL ACTION

---

1.　　Docket Sheet [TO BE SUPPLEMENTED]

2.　　Citation on State Farm Lloyds

3.　　Plaintiff's Original Petition and Initial Written Discovery Requests

4.　　Civil Case Information Sheet

5.　　Defendant's Original Answer

6.　　Defendant's Jury Demand

7.　　Notice of Removal

# CITATION

### Cause Number: 17-02-01756

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Chris Schleiffer
26619 Interstate 45
The Woodlands TX  77380

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  State Farm Lloyds
     Registered Agent, Corporation Service Company
     211 East 7th St  Ste #620
     Austin TX  78701-3218

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 8th day of February, 2017 numbered 17-02-01756 on the docket of said court, and styled, Hollie Arnold VS. State Farm Lloyds

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 4th day of April, 2017.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _____ Signed: 4/4/2017 09:09 AM

Stella Luton, Deputy

## OFFICER'S RETURN

Cause No. 17-02-01756          Court No: 410th Judicial District Court
Style: Hollie Arnold VS. State Farm Lloyds
To:      State Farm Lloyds
Address: Registered Agent Corporation Service Company
         211 East 7th St  Ste #620
         Austin TX  78701-3218


Came to hand the ___day of _____, 20___, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, at the following times and places, to
wit:
Name          Date/Time       Place, Course and distance from Courthouse

_____ _____   _____


Manner of service: _____


*And not executed as to the defendants(s)_____
The diligence used in finding said defendant(s) being:

_____
And the cause of failure to execute this process is:

_____
And information received as to the whereabouts of said defendant(s) being:

_____


FEES:
Serving Petition and Copy      $_____
TOTAL                          $_____

                              _____OFFICER
                              _____County, Texas
                                        By: _____, Deputy
                              AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:


My full name is _____ my date of birth is ___/___/___, and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____, County, State of _____, on the ___day of
_____, 20____.

                              _____
                              Declarant/Authorized Process Server

                              _____
                              ID# & Exp. Of Certification

Received and E-Filed for Record
2/8/2017 11:40:42 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 17-02-01756

| | | |
|---|---|---|
| **HOLLIE ARNOLD,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | Montgomery County - 410th Judicial District Court |
| **Defendant.** | § | ____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** Hollie Arnold (hereinafter "Plaintiff"), and complains of State Farm Lloyds (hereinafter "Defendant"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

    1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of The Woodlands, in Montgomery County, Texas.

### PARTIES

    3.    Plaintiff is an individual whose residence is located in The Woodlands, Montgomery County, Texas.

4.     Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 19 Wedgewood Forest Dr., The Woodlands, TX 77381, (the "Property").   In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiff owns the Property.

7.     Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, 536323529, Plaintiff was objectively insured for the subject loss by Defendant.

8.     On or around April 18, 2016, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process.  By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.    Moreover, his residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Defendant has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Defendant, as well as provided opportunities for Defendant to inspect the Property.    However, Defendant failed to conduct a fair investigation into the damage to the Property.    Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant.    Further, Plaintiff made inquiries regarding the status of the losses, and payments.    Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.    Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

17.     Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendant that failed to conduct a reasonable investigation.    Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Defendant.   Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## **CONDITIONS PRECEDENT**

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

24.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25.     According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

26.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

**B.**
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
### PRACTICES ACT AND TIE-IN-STATUTES

28.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

29.     Defendant's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.  Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

30.     As described in this Original Petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services had characteristics or

benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

31.     As described in this Original Petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

32.     By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Defendant has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

33.     Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

34.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

35.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

36.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendant to his detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now

sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

37.    Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

38.    As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

### C.
### VIOLATIONS OF TEXAS INSURANCE CODE

39.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

40.    Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section

3(f) (codified as Section 542.058).    Specifically, Defendant engaged in certain unfair or
deceptive acts or practices that include, but are not limited to the following:

    a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

    f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

    41.    Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendant, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendant to his detriment.   Accordingly, Defendant became the insurer of Plaintiff.

    42.    As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

    43.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally,

Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

44.     As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### D.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

45.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

46.     By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

47.     Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.

These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

## E.
## UNFAIR INSURANCE PRACTICES

48.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

49.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

50.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Defendant's failure to properly investigate Plaintiff's claim.  Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's Property, as to which Defendant's liability had become reasonably clear.

51.     Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

      a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

      b.    Engaging in unfair claims settlement practices;

c.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

e.   Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f.   Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

b.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

52.   Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## F.
## MISREPRESENTATION

53.   Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.   Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Defendant is liable for these actual consequential and penalty-based damages.

## WAIVER AND ESTOPPEL

55.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

56.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

57.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

58.     More specifically, Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

59.     Defendant's conduct was committed knowingly and intentionally.   Accordingly, Defendant is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.   Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

60.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

61.    Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

62.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

63.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.    Please produce Defendant complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.    Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.    Please produce the electronic diary, including the electronic and paper notes made by Defendant claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.    Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Defendant intends to offer these items into evidence at trial.

## **INTERROGATORIES**

64.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.    Please identify any person Defendant expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

  i.    The date and manner in which Defendant received notice of the claim;

  ii.    The date and manner in which Defendant acknowledged receipt of the claim;

  iii.    The date and manner in which Defendant commenced investigation of the claim;

  iv.    The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant

                    reasonably believed, at the time, would be required from the claimant; and

    v.      The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

    f.    Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

    g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

    h.    When was the date Defendant anticipated litigation?

    i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

    j.    Does Defendant contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

    k.    Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

    l.    Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

    m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

        i.    what performance measures are used; and
        ii.    describe Defendant's bonus or incentive plan for adjusters.

## CONCLUSION

    65.    Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees,

court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Chris Schleiffer*
Chris Schleiffer
Texas Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

Montgomery County - 410th Judicial District Court

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 17-02-01756     COURT *(FOR CLERK USE ONLY)*: _____

Received and E-Filed for Record
2/8/2017 11:40:42 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

STYLED: **HOLLIE ARNOLD V. STATE FARM LLOYDS**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Chris Schleiffer<br><br>Address:<br><br>26619 Interstate 45<br><br>City/State/Zip:<br><br>The Woodlands, TX<br>77380<br>Signature:<br><br>*Chris Schleiffer* | Email:<br>chris@vosslawfirm.com<br><br>Telephone:<br>(713) 861-0015<br><br>Fax:<br>(713) 861-0021<br><br>State Bar No:<br>24088362 | Plaintiff(s)/Petitioner(s):<br>**HOLLIE ARNOLD**<br><br>Defendant(s)/Respondent(s):<br>**STATE FARM LLOYDS**<br><br>[Attach additional page as necessary to list all parties] | Attorney for Plaintiff/Petitioner<br>*Pro Se* Plaintiff/Petitioner<br>Title IV-D Agency<br>Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>  **XXX Consumer/DTPA**<br>  Debt/Contract<br>  Fraud/Misrepresentation<br>  Other Debt/Contract:<br>  Breach of Contract<br>*Foreclosure*<br>  Home Equity—Expedited<br>  Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract: | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br>  Accounting<br>  Legal<br>  Medical<br>  Other Professional<br>    Liability:<br><br>Motor Vehicle Accident<br>Premises<br>*Product Liability*<br>  Asbestos/Silica<br>  Other Product Liability<br>    List Product:<br><br>Other Injury or Damage: | Eminent Domain/<br>  Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property:<br>_____ | Annulment<br>Declare Marriage Void<br>*Divorce*<br>  With Children<br>  No Children | Enforcement<br>Modification—Custody<br>Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>  Pre-indictment<br>Other: _____ | Enforce Foreign<br>  Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>  of Minority<br>Other: _____ | Adoption/Adoption with<br>  Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>  Rights<br>Other Parent-Child: |

*(Title IV-D section)*

Enforcement/Modification
Paternity
Reciprocals (UIFSA)
Support Order

| **Employment** | **Other Civil** | |
|---|---|---|
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment: | Administrative Appeal<br>Antitrust/Unfair<br>  Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br>  Dependent Administration<br>  Independent Administration<br>  Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought** (do not select if it is a family law case):

**XXX** Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees Less than $100,000 and non-monetary relief

Over $100,000 but not more than $200,000

Over $200,000 but not more than $1,000,000

Over $1,000,000.

Received and E-Filed for Record
5/12/2017 4:16:47 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 17-02-01756

| | | |
|---|---|---|
| HOLLIE ARNOLD | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | 410TH JUDICIAL DISTRICT |

---

## DEFENDANTS STATE FARM LLOYDS' ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS, Defendant in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition, would respectfully show the Court the following:

I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant, STATE FARM LLOYDS denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

II.

Defendant STATE FARM LLOYDS reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, STATE FARM LLOYDS prays that Plaintiff takes nothing by reason of his suit herein and that Defendant has judgment in its favor on all issues of law and fact in this matter.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____

Brian M. Chandler
SBN: 04091500
bmc@ramey-chandler.com
Ronald P. Schramm
SBN: 17810385
rps@ramey-chandler.com
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Answer has been served on all counsel of record by certified mail, return receipt requested, by courier, receipted delivery, or by telephonic document transfer on this _12th_ day of May, 2017.

_____
BRIAN M. CHANDLER

Received and E-Filed for Record
5/12/2017 4:16:47 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 17-02-01756

| | | |
|---|---|---|
| HOLLIE ARNOLD | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
|     Defendant. | § | 410TH JUDICIAL DISTRICT |

---

### DEFENDANT STATE FARM LLOYDS' REQUEST FOR JURY TRIAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS, Defendant in the above-entitled and numbered cause and hereby demands a trial by jury. The requisite jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant it trial by jury.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____

Brian M. Chandler
SBN: 04091500
bmc@ramey-chandler.com
Ronald P. Schramm
SBN: 17810385
rps@ramey-chandler.com
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by certified mail, return receipt requested, by courier, receipted delivery, or by telephonic document transfer on this _12th_ day of May, 2017.

Brian M. Chandler

CAUSE NO. 17-02-01756

| | | |
|---|---|---|
| HOLLIE ARNOLD | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
|     Defendant. | § | 410TH JUDICIAL DISTRICT |

---

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)**

---

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

On May 17, 2017, Defendant, STATE FARM LLOYDS, filed its Notice of Removal in the United States District Court for the Southern District of Texas (Houston Division).   The Notice of Removal effects the removal, and the State Court shall proceed no further unless and until the case is remanded.   28 U.S.C. § 1446(d).   The Notice of Removal is attached as Exhibit "A."

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By:  _/s/ Brian M. Chandler_
     Brian M. Chandler
     State Bar No. 04091500
     Federal Bar No. 7660
     Ronald P. Schramm
     State Bar No.17810385
     Federal Bar No. 174875

750 Bering Drive, Suite 600
Houston, Texas  77057
Telephone: (713) 266-0074
Facsimile:  (713) 266-1064

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following by either Certified Mail, Return Receipt Requested, hand-delivery or facsimile transmission on this the 17th day of May, 2017.

Chris Schlieffer
State Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas  77380

*/s/ Brian M. Chandler*
Brian M. Chandler

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HOLLIE ARNOLD           §
    Plaintiff,           §
                 §
v.           §   CIVIL ACTION NO. _____
                 §
STATE FARM LLOYDS           §
    Defendant.           §

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Lloyds, hereby removes to this Court, the State Court action described below.

### Procedural Background and Parties

1.    On or about February 8, 2017, Hollie Arnold Plaintiff's Original Petition in Cause No. 17-02-01756 in the 410th Judicial District Court of Montgomery County, Texas, initiating an action identifying State Farm Lloyds as the Defendant.

2.    State Farm Lloyds received the Citation and Plaintiff's Original Petition on or about April 21, 2017.  Defendant State Farm Lloyds filed an Original Answer and Request for Jury Trial, and is filing a Notice of Removal of Civil Action in the State Court action.

3.    At the time this action was commenced, Plaintiff was, and still is, a citizen of Texas.  Hollie Arnold is an individual residing in Montgomery County, Texas; and, thus, is a citizen of Texas.

EXHIBIT

A

4.      Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois.  State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois and Arizona, thereby making State Farm Lloyds a citizen of Illinois and Arizona for diversity purposes.  *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).  Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

## Nature of the Suit

5.      In her Original Petition, Plaintiff alleges multiple claims and causes of action against State Farm Lloyds including breach of contract, violations of Texas Deceptive Trade Practices Act, non-compliance with Sections 541 and 542 of the Texas Insurance Code, and unfair insurance practices. Plaintiff also asserts that State Farm Lloyds breached the common law duty of good faith and fair dealing.

## Basis for Removal

6.      This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7.      Plaintiff's Original Petition does not set forth the exact amount of damages Plaintiff seeks in this action.  Plaintiff has asserted numerous claims and

causes of action against Defendant seeking not only actual damages, but also statutory damages, statutory interest and attorneys' fees.  Therefore, based on information and belief, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.  *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

### Removal is Procedurally Correct

8.      Plaintiff filed her Original Petition on or about February 8, 2017.  State Farm received the citation and Plaintiff's Original Petition on or about **April 21, 2017**. Therefore, State Farm has filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).  Also, this Notice of Removal is being filed less than one year after the commencement of the State Court Action.

9.      Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action was pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

10.      Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11.      Pursuant to Local Rule 81, all documents required by that rule to be filed with this Notice of Removal are attached and indexed.

12.      Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to Plaintiff, and will file a notice with the Clerk of the 410th Judicial District Court for Montgomery County, Texas.

Respectfully submitted,

By: _/s/ Brian M. Chandler_
       Brian M. Chandler, Attorney-in-Charge
       State Bar No. 04091500
       Federal Bar No. 7660
       750 Bering Drive, Suite 600
       Houston, Texas  77057
       Telephone: (713) 266-0074
       Facsimile: (713) 266-1064
       Email:  bmc@ramey-chandler.com

OF COUNSEL:

RAMEY, CHANDLER, QUINN & ZITO, P.C.
Ronald P. Schramm
State Bar No. 17810385
Federal Bar No. 174875
Jill D. Schein
State Bar No. 00787476       ATTORNEYS FOR DEFENDANT
Federal Bar No. 18838       STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties by and through their attorney(s) of record via the Court's EM/ECF system on this 17th day of May 2017.

       _/s/ Brian M. Chandler_
       Brian M. Chandler

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HOLLIE ARNOLD                        §
    Plaintiff,                       §
                                     §
v.                                   §   CIVIL ACTION NO. _____
                                     §
STATE FARM LLOYDS                    §
    Defendant.                       §

---

## AFFIDAVIT

---

STATE OF TEXAS              §
                        §
COUNTY OF HARRIS            §

    I, RONALD P. SCHRAMM, being duly sworn, state that I am the attorney of record for STATE FARM LLOYDS in this litigation; that I have prepared and read the foregoing Notice of Removal; and, that the factual matters set forth and contained therein are to the best of my knowledge and belief true and correct.

                             _____
                             RONALD P. SCHRAMM

    SUBSCRIBED AND SWORN TO before me on this _16th_ day of May, 2017.

                      _Belinda L. Johnson_____
                      Notary Public in and for the State of Texas

NOTARY PUBLIC
BELINDA L JOHNSON
My Commission Expires
September 26, 2018
STATE OF TEXAS