IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOLLIE ARNOLD, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION  NO. 4:17-CV-01520 | |
| § | | |
| STATE FARM LLOYDS, § | | |
| Defendant. § | JURY DEMANDED | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE GILMORE:**

**COMES NOW** Hollie Arnold (hereinafter "Plaintiff"), and complains of State Farm Lloyds (hereinafter "Defendant").  In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff is an individual whose residence is located in The Woodlands, Montgomery County, Texas.

2. Defendant State Farm is a Texas insurer, which has been served with process previously, has answered through counsel, and has entered an appearance before this Honorable Court for all purposes.

**JURISDICTION AND VENUE**

3. Plaintiff does not contest Defendants' contention of Federal Jurisdiction nor removal to this Court pursuant to 28 U.S.C. § 1332. The present matter was originally filed at the

State Court level. It was removed to federal court through diversity jurisdiction, pursuant to 28 U.S.C. § 1441.

## BACKGROUND

4. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 19 Wedgewood Forest Dr., The Woodlands, TX 77381, (the "Property"). In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case.

5. Plaintiff owns the Property.

6. Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to wind and hail and other storm-related events. Plaintiff's Property suffered storm-related damage. Through his residential policy, 536323529, Plaintiff was objectively insured for the subject loss by Defendant.

7. Pursuant to his obligation as a policyholder, Plaintiff has made complete payment of all residential insurance premiums in a timely fashion. Moreover, his residential policy covered Plaintiff during the time period in question.

8. On or around April 18, 2016, the Property suffered extensive damage due to storm related conditions. Plaintiff timely reported the claim to Defendant.

9. In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter, and the losses accounted for in the covered damages estimate produced by Williford Dawson. Mr. Dawson's estimate has already been produced to Defendant.

10. On August 29, 2016, Conrad Feller on behalf of Defendant conducted an initial inspection and investigation of Plaintiff's claim. However, Mr. Feller incorrectly determined there was no storm damage to the roof just minor damage to a window, which fell below deductible.

11. Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12. Moreover, Defendant has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13. Despite Defendant's unjustified below deductible coverage determination, Plaintiff still provided information requested by Defendant. However, Defendant failed to conduct a full and reasonable investigation into the damages to the Property.  Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14. Despite Defendant's improprieties, Plaintiff has still continued to provide information regarding the loss to Defendant as well as pay its insurance premiums in full and on time.  However, to date, Plaintiff still has not received proper payment for his claim, even though prompt notification and all other required conditions precedent were satisfied by Plaintiff.

15. Defendant has failed to offer a reasonable explanation for failing to offer adequate compensation for the damage to the Property.  Defendant has furthermore failed to offer Plaintiff adequate compensation without any reasonable explanation why full payment was not tendered. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16. Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendant that failed to conduct a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

17. Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

18. As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Defendant. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the aforementioned conduct.

19. In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

20. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

21. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

### A.
### BREACH OF CONTRACT

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages, including hail and wind damages.

24. Despite its contractual duty, Defendant failed to perform a reasonable investigation of Plaintiff's covered property damages.

25. As a result of the April 2016 storm event, Plaintiff suffered extreme damages the exterior and interior of the Property.

26. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

### B.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

27. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

28. Defendant has breached its common law duty of good faith and fair dealing by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its below-deductible coverage determination.

29. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, once Defendant's liability for such covered claim damages was reasonably clear.

30. These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

## C.
## VIOLATIONS OF TEXAS INSURANCE CODE

31. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

32. Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, § 541.060(a)(2)(A), § 541.060(a)(3), § 541.060(a)(7), § 542.003, and § 542.058. Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim;

    c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim, more specifically and based upon the evidence of covered damage present on Plaintiff's Property, Defendant's adjuster' investigation, was entirely unreasonable; and

    d. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    e. Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

33. Plaintiff is the insured of Defendant under the Policy, who relied upon these unfair and deceptive acts or practices by Defendant to his detriment, including but not limited to, Defendant's use of biased and incompetent adjusters.

34. Based upon the objective evidence of covered damages on to Plaintiff's Property and Mr. Feller's adjustment result thereof, Mr. Feller was biased towards finding a beneficial coverage adjustment for his employer, State Farm Lloyds, and/or was not competent enough to adjust the type of storm damaged present on Plaintiff's Property

35. As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

36. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

37. As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 541.152(a)(1) of the Texas Insurance Code,

and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### D.
### VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

38. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

39. Defendant's collective actions constitute violations of the DTPA, including but not limited to, Section 17.50(a)(4) of the Texas Business & Commerce Code. Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a. Using or employing an act or practice in violation of the Texas Insurance Code;

40. Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

41. Defendant's conduct, acts, omissions, and failures, as described above in this First Amended Complaint, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

42. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendant to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now

sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Amended Complaint.

43. Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

44. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## WAIVER AND ESTOPPEL

45. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

46. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

47.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

48.     More specifically, Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

49.     Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, section 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

50.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

51.     Plaintiff demanded a jury trial and tendered the appropriate fee with his Original Petition.

## CONCLUSION

52.     Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees,

court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Complaint.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Chris Schleiffer*
Chris Schleiffer
State Bar No. 24088362
Southern District Bar No. 2516220
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **28th day of July, 2017**, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

Brian M. Chandler
Ronald P. Schramm
Ramey, Chandler, Quinn & Zito, P.C.
750 Bering Drive, Suite 600
Houston, TX 77057

*/s/ Chris Schleiffer*
Chris Schleiffer